1  RICHARD T. MULLOY (Bar No. 199278)
2  **DLA PIPER US LLP**
   401 B Street, Suite 1700
   San Diego, CA  92101-4297
3  richard.mulloy@dlapiper.com
   Tel:  619.699.2700
4  Fax:  619.699.2701

5  EDGAR H. HAUG (*Pro Hac Vice*)
   ehaug@flhlaw.com
6  THOMAS J. KOWALSKI (*Pro Hac Vice*)
   tkowalski@flhlaw.com
7  VICKI FRANKS (*Pro Hac Vice*)
   vfranks@flhlaw.com
8  GINA M. BASSI (*Pro Hac Vice*)
   gbassi@flhlaw.com
9  ANNE-MARIE C. YVON (*Pro Hac Vice*)
   ayvon@flhlaw.com
10 **FROMMER LAWRENCE & HAUG LLP**
   745 Fifth Avenue, New York, New York 10151
11 Telephone:  (212) 588-0800
   Facsimile:  (212) 588-0500
12
   Attorneys for Defendants
13 OXFORD BIOMEDICA PLC,
   BIOMEDICA, INC., and
14 OXFORD BIOMEDICA (UK) LTD.

15         **UNITED STATES DISTRICT COURT**
           **SOUTHERN DISTRICT OF CALIFORNIA**
16

17 BAVARIAN NORDIC A/S.,                    CASE NO. 08cv1156-L-RBB

18         Plaintiff,                       **BIOMEDICA, INC.'S NOTICE OF**
                                            **MOTION AND MOTION TO DISMISS**
19     v.                                   **FOR FAILURE TO STATE A CLAIM,**
                                            **LACK OF SUBJECT-MATTER**
20 OXFORD BIOMEDICA PLC,                    **JURISDICTION, AND INSUFFICIENT**
   BIOMEDICA, INC., and OXFORD              **PLEADING**
21 BIOMEDICA (UK) LTD.,
                                            Date:  November 3, 2008
22         Defendants.                      Time:  10:30 a.m.
                                            Courtroom:  14
23                                          Judge:  The Hon. M. James Lorenz
24                                          Complaint:  June 30, 2008
25
26
27
28

1        PLEASE TAKE NOTICE that on November 3, 2008 at 10:30 a.m., or as soon thereafter

2  as can be heard, in Courtroom 14 of the United States District Court for the Southern District of

3  California, located at 940 Front Street, San Diego, California 92101-8900, Defendant BioMedica,

4  Inc. ("BioMedica"), will and hereby does move the Court for an order dismissing Plaintiff

5  Bavarian Nordic A/S's Complaint.  BioMedica's motion is made pursuant to the Federal Rules of

6  Civil Procedure, Rules 12(b)(1), 12(b)(6) and 8(a), and on the grounds that the Court lacks

7  subject-matter jurisdiction, that the Complaint fails to state a claim upon which relief can be

8  granted, and that the Complaint fails to satisfy the pleading requirements of Rule 8.

9        BioMedica's motion is based on this Notice, the Memorandum of Points and Authorities

10  in support thereof, and the Declaration of Jill D. Martin filed herewith, along with all pleadings

11  and exhibits of record and such argument as the Court may entertain at any hearing.

12  Dated:    August 18, 2008          DLA PIPER US LLP

14                    By:   s/  *Richard T. Mulloy*

15                         Richard T. Mulloy
                             Attorneys For Defendants,
16                         OXFORD BIOMEDICA PLC,
                         BIOMEDICA, INC., AND
17                         OXFORD BIOMEDICA (UK) LTD.

18                         Of Counsel:

19                         Edgar H. Haug (*PRO HAC VICE*)
                         EHAUG@FLHLAW.COM
20                         Thomas J. Kowalski (*PRO HAC VICE*)
                         TKOWALSKI@FLHLAW.COM
21                         Vicki Franks (*PRO HAC VICE*)
                         VFRANKS@FLHLAW.COM
22                         Gina M. Bassi (*PRO HAC VICE*)
                         GBASSI@FLHLAW.*COM*
23                         Anne-Marie C. Yvon (*PRO HAC VICE*)
                         AYVON@FLHLAW.com
24                         FROMMER LAWRENCE & HAUG LLP
                         745 Fifth Avenue, New York, New York 10151
25                         Telephone:  (212) 588-0800
                         Facsimile:  (212) 588-0500
26

27                         Attorneys for Defendants,
                         OXFORD BIOMEDICA PLC,; BIOMEDICA, INC.,
28                         and OXFORD BIOMEDICA (UK) LTD.

1  RICHARD T. MULLOY (Bar No. 199278)
   **DLA PIPER US LLP**
2  richard.mulloy@dlapiper.com
   401 B Street, Suite 1700
3  San Diego, California 92101
   Telephone: (619) 699-4787
4  Facsimile: (619) 699-2701

5  EDGAR H. HAUG (*Pro Hac Vice*)
   ehaug@flhlaw.com
6  THOMAS J. KOWALSKI (*Pro Hac Vice*)
   tkowalski@flhlaw.com
7  VICKI FRANKS (*Pro Hac Vice*)
   vfranks@flhlaw.com
8  GINA M. BASSI (*Pro Hac Vice*)
   gbassi@flhlaw.com
9  ANNE-MARIE C. YVON (*Pro Hac Vice*)
   ayvon@flhlaw.com
10 **FROMMER LAWRENCE & HAUG LLP**
   745 Fifth Avenue, New York, New York 10151
11 Telephone: (212) 588-0800
   Facsimile: (212) 588-0500
12
   Attorneys for Defendants,
13 OXFORD BIOMEDICA PLC,
   BIOMEDICA, INC., and
14 OXFORD BIOMEDICA (UK) LTD.

15

16

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 17  BAVARIAN NORDIC A/S., | CASE NO. 08cv1156-L-RBB |
| 18       Plaintiff, | **MEMORANDUM OF POINTS AND** |
| 19  vs. | **AUTHORITIES IN SUPPORT OF BIOMEDICA, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A** |
| 20  OXFORD BIOMEDICA PLC, BIOMEDICA, INC., and | **CLAIM, LACK OF SUBJECT-MATTER JURISDICTION, AND** |
| 21  OXFORD BIOMEDICA (UK) LTD., | **INSUFFICIENT PLEADING** |
| 22       Defendants. | Date:  November 3, 2008 |
| 23 | Time:  10:30 a.m.<br>Courtroom:  14 |
| 24 | Judge:  The Hon. M. James Lorenz |
| 25 | Complaint Filed:  June 30, 2008 |

26

27

28

DLA PIPER US LLP
SAN DIEGO

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES..................................................................................................ii

I.    INTRODUCTION AND SUMMARY OF ARGUMENT.....................................1

II.    FACTUAL BACKGROUND. ..............................................................................2

    A.    The Parties. .............................................................................................2

    B.    Summary of the Complaint. ....................................................................3

III.    THE COURT SHOULD DISMISS BN's COMPLAINT AGAINST
    BIOMEDICA. .....................................................................................................4

    A.    BN Cannot State a Claim for Relief Because the Alleged
        Infringing Acts Are Protected by the Safe Harbor Provision of
        Section 271(e)(1)......................................................................................4

    B.    BN Cannot Establish Proper Subject-Matter Jurisdiction Because
        the TroVax® Vaccine Has Not Been Approved by the FDA. ....................6

    C.    The Complaint Fails to Comply with the Pleading Requirements
        Under Rule 8(a)(2). .................................................................................7

IV.    CONCLUSION. ...................................................................................................9

1

## TABLE OF AUTHORITIES

2

### Cases

3

*AntiCancer Inc. v. Xenogen Corp.*,
    248 FRD 278 (S.D. Cal. 2007)................................................................8

4

*Appalachian Enterprises, Inc. v. Epayment Solutions Ltd.*,
5
    2004 WL 2813121 (S.D.N.Y.2004). .......................................................8

6

*Bell Atlantic v. Twombly*,
    127 S.Ct. 1955 (2007). ...........................................................................7

7

*Cahill v. Liberty Mut. Ins. Co.*,
8
    80 F.3d 336 (9th Cir. 1996). ...................................................................4

9

*Classen Immunotherapies, Inc. v. Biogen IDEC*,
    381 F.Supp.2d 452 (D. Md. July 22, 2005)......................................5, 6, 8

10

*Genentech, Inc. v. Insmed Inc.*,
11
    436 F.Supp.2d 1080 (N.D. Cal. June 30, 2006). ..................................5, 6

12

*MedImmune, Inc. v. Genentech, Inc.*,
    549 S. Ct. 764 (2007). ............................................................................6

13

*Merck KGaA v. Integra Lifesciences, Ltd.*,
14
    545 U.S. 193 (2005). ..............................................................................4

15

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001). .................................................................4

16

*Neitzke v. Williams*,
17
    490 U.S. 319 (1989). ..............................................................................4

18

*Shaunnessey v. Monteris Medical, Inc.*,
    554 F.Supp.2d 1321 (M.D. Fla. May 8, 2008). ......................................7

19

*Telectronics Pacing Sys., Inc. v. Ventritex, Inc.*,
20
    982 F.2d 1520 (Fed. Cir. 1992). ..........................................................4, 6

21

### Statutes

22

35 U.S.C. § 271(a) (2006). ...........................................................................4

23

35 U.S.C. § 271(e)(1) (2006). .......................................................................4

24

### Other Authorities

25

U.S. Const. art. III, § 2, cl. 2. ......................................................................6

26

27

/////

28

/////

**Rules**

Fed. R. Civ. P. 8(a)(2). ........................................................................................................... 7

Fed. R. Civ. P. 12(b)(1). .......................................................................................................... 6

Fed. R. Civ. P. 12(b)(6). .......................................................................................................... 4

iii

# I.    INTRODUCTION AND SUMMARY OF ARGUMENT.

1

2        The Court should dismiss Bavarian Nordic A/S's ("BN's") Complaint against

3    BioMedica, Inc. ("BioMedica") because BN has failed to allege any infringing acts committed

4    by BioMedica.

5        This is a patent infringement case.  BN filed its Complaint against BioMedica, Inc.,

6    Oxford BioMedica (UK) Ltd., and Oxford BioMedica plc (collectively, "Defendants").  (Compl.

7    ¶¶ 5-7.)  BN alleges that BioMedica has infringed, through the experimental research and testing

8    of the TroVax[®] vaccine, three of BN's patents:  (1) U.S. Patent No. 6,761,893 ("the '893

9    patent"); (2) U.S. Patent No. 6,913,752 ("the '752 patent"); and (3) U.S. Patent No. 7,335,364

10   ("the '364 patent") (collectively, the "asserted patents"), which generally concern a modified

11   vaccinia Ankara ("MVA") virus variant.[1]  (Compl. ¶¶ 2, 36.)

12       BN's Complaint should be dismissed because it is based on actions that fall well within

13   the safe harbor protection of 35 U.S.C. § 271(e)(1).  Even assuming that BioMedica engaged in

14   the activities alleged in the Complaint, BN has still failed to state a claim for relief because all of

15   the alleged activities concerning the TroVax[®] vaccine are reasonably related to the purpose of

16   obtaining regulatory approval by the Food and Drug Administration ("FDA").  Such activities

17   are protected by the safe harbor provision of Section 271(e)(1), and are therefore not infringing

18   activities.  BN apparently does not believe that the safe harbor provision applies to those actions

19   because of an alleged commercial contract related to that product.  This argument fails, however,

20   because any alleged commercial activity involving the TroVax[®] vaccine was also reasonably

21   related to the research and development of the TroVax[®] vaccine, and is therefore exempt from

22   infringement.  Because the research and development activities concerning the TroVax[®] vaccine

23   cannot constitute infringement, the Complaint should be dismissed.

24       In addition, BN cannot satisfy its burden to establish that subject-matter jurisdiction

25   exists.  BN filed an infringement suit against BioMedica on the basis that BioMedica allegedly

26   intends to eventually market the TroVax[®] vaccine, and is conducting clinical trials for that

27

28   _____

[1] BN also alleges that Oxford BioMedica (UK) Ltd. and Oxford BioMedica plc infringe the asserted patents.
Oxford BioMedica (UK) Ltd. and Oxford BioMedica plc have concurrently filed a separate motion to dismiss.

1  purpose.  But the FDA has not yet approved the TroVax® vaccine, and there is no guarantee that

2  FDA approval will ever be granted.  Because no case or controversy exists between BN and

3  BioMedica, the Court should dismiss the Complaint for lack of subject-matter jurisdiction.

4       Finally, the Complaint should be dismissed because it fails to comply with the pleading

5  requirements of Rule 8(a)(2).  BN sloppily groups all of the defendants together in asserting its

6  infringement claims, without identifying the specific acts of infringement attributable to each

7  individual defendant.  BN's failure to specifically plead the alleged acts of infringement

8  committed by BioMedica is particularly glaring because BioMedica has no involvement

9  whatsoever with the TroVax® vaccine or any of the clinical studies alleged to constitute

10  infringement in this case.  Thus, even if the Court does not dismiss BN's Complaint under

11  Rule 12(b), the Complaint should be dismissed for failure to satisfy the pleading requirements of

12  Rule 8(a)(2).

13  **II.**     **FACTUAL BACKGROUND.**

14       **A.**     **The Parties.**

15       Bavarian Nordic A/S ("BN") is a Danish stock corporation (aktieselskab), with its

16  principal place of business in Denmark.  (Compl. ¶ 4.)  BN is the assignee of the '893 patent, the

17  '752 patent, and the '364 patent.  (Compl. ¶¶ 13-19.)  These patents relate to BN's MVA-BN®

18  technology, an attenuated strain of MVA virus, which is used in human vaccines.  (Compl. ¶¶

19  13-19.)

20       BioMedica, Inc. ("BioMedica") is a Delaware corporation with its principal place of

21  business in San Diego, California.  (Declaration of Jill D. Martin ("Martin Decl") ¶ 2.)  It is a

22  wholly-owned subsidiary of Oxford BioMedica plc.  (Martin Decl. ¶ 3.)  Oxford BioMedica plc

23  is a public limited company incorporated in England and Wales, and is headquartered in Oxford,

24  United Kingdom.  (Martin Decl. ¶ 4.)  Oxford BioMedica (UK) Ltd. is a private limited

25  company incorporated in England and Wales.  (Martin Decl. ¶ 4.)  It is a wholly-owned

26  subsidiary of Oxford BioMedica plc and has its principal place of business in Oxford, United

27  Kingdom.  (Martin Decl. ¶ 4.)

28  /////

2

1    BioMedica is responsible for managing the U.S. patent portfolio of Oxford BioMedica

2   (UK) Limited, providing primarily patent prosecution services.  (Martin Decl. ¶ 5.)  BioMedica

3   has no ownership rights to TroVax®, nor has it participated in the development,

4   commercialization, importation, distribution, or clinical testing of TroVax®, in California or

5   elsewhere in the United States.  (Martin Decl. ¶¶ 6-9.)  Furthermore, BioMedica is not a party to

6   any contracts relating to TroVax®.  (Martin Decl. ¶ 10.)

7        **B.    Summary of the Complaint.**

8        BN's Complaint alleges that Defendants have directly infringed, contributorily infringed,

9   or induced infringement of, various claims of the '893, '752, and '364 patents.  (Compl. ¶¶ 1,

10   36-38.)  BN seeks a judgment that the defendants have directly and indirectly infringed the

11   asserted patents, a permanent injunction preventing the defendants from further infringing the

12   asserted patents, damages, and attorneys' fees.  (Compl. ¶¶ 1-5.)

13       BN's Complaint draws no distinction between the three defendants in its infringement

14   allegations, and alleges substantially all of the facts supporting its infringement claims against

15   the Defendants based only "on information and belief."  (Compl. ¶¶ 1-5, 25-38.)  BN generally

16   alleges that Defendants are developing an oncology product, the TroVax® vaccine, and are

17   sponsoring FDA-approved clinical trials regarding that vaccine.  (Compl. ¶¶ 25, 30-32.)  BN

18   also alleges that Defendants published reports concerning the TroVax® vaccine in clinical trials.

19   (Compl. ¶ 28)  BN further alleges, on information and belief, that Defendants have received

20   payments through an agreement with a French pharmaceutical company, sanofi-aventis,

21   regarding the development of the TroVax® vaccine.  (Compl. ¶ 29.)  Thus, each of the alleged

22   acts of infringement in BN's complaint are directly related to development and clinical activities

23   regarding the TroVax® vaccine.

24   /////

25   /////

26   /////

27   /////

28   /////

3

**III.    THE COURT SHOULD DISMISS BN'S COMPLAINT AGAINST BIOMEDICA.**

**A.    BN Cannot State a Claim for Relief Because the Alleged Infringing Acts Are Protected by the Safe Harbor Provision of Section 271(e)(1).**

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires a court to dismiss a complaint when the plaintiff fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  Dismissal is proper where the complaint fails to allege sufficient facts to support a cognizable legal theory.  *See, e.g.*, *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "If as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,'" a claim must be dismissed "whether it is based on an outlandish legal theory or a close but ultimately unavailing one."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  In this inquiry, the court must accept the complaint's allegations as true and construe the complaint in the light most favorable to the plaintiff.  *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

It is an act of infringement to make, use, offer to sell, or sell any patented invention within the United States.  35 U.S.C. § 271(a) (2006).  Under 35 U.S.C. § 271(e)(1), however, certain actions are exempt from infringement.  Section 271(e)(1) provides:

> It shall not be an act of infringement to ***make, use, offer to sell, or sell*** within the United States or import into the United States a patented invention … solely for uses ***reasonably related to the development and submission of information under a Federal law*** which regulates the manufacture, use, or sale of drugs or veterinary biological products.

35 U.S.C. § 271(e)(1) (2006) (emphasis added).  The Supreme Court recently gave an expansive view to the exemption, stating that the statutory text of Section 271(e) "provides a wide berth for the use of patented drugs in activities related to the federal regulatory process."  *Merck KGaA v. Integra Lifesciences, Ltd.*, 545 U.S. 193, 202 (2005).  The Court held that "§ 271(e)(1)'s exemption from infringement extends to all uses of patented inventions that are reasonably related to the development and submission of any information under the [Food, Drug, and Cosmetic Act]."  *Id.*; *see Telectronics Pacing Sys., Inc. v. Ventritex, Inc.*, 982 F.2d 1520, 1521-22

4

1   (Fed. Cir. 1992) (affirming district court holding that the acts of conducting clinical trials of an

2   allegedly infringing device, displaying the device at seven medical conferences, and raising

3   funds for the clinical trials by talking with investors, fall within Section 271(e)(1)).

4        *Classen Immunotherapies, Inc. v. Biogen IDEC*, 381 F.Supp.2d 452 (D. Md. July 22,

5   2005) demonstrates that courts broadly construe the "safe harbor" provision of Section

6   271(e)(1). In *Classen*, two of the defendants conducted clinical studies for vaccines that had

7   been approved by the FDA and were covered by the plaintiff's patents. *Id.* at 455. The

8   defendants moved to dismiss the complaint under Rule 12(b)(6) based on the safe harbor

9   provision of Section 271(e)(1). *Id.* The plaintiff argued that the safe harbor only applied to

10  drugs that had not yet been approved by the FDA, as opposed to the post-approval activities at

11  issue in that case. *Id.* at 455-56. The district court disagreed. Relying on the Supreme Court's

12  broad interpretation of Section 271(e)(1) in *Merck*, the court determined that the defendants'

13  clinical trial activities were reasonably related to the development and submission of information

14  to the FDA, and thus granted the motion to dismiss. *Id.* at 456.

15       *Genentech, Inc. v. Insmed Inc.*, 436 F.Supp.2d 1080 (N.D. Cal. June 30, 2006) provides

16  further insight into the circumstances that merit safe harbor protection under Section 271(e)(1).

17  In that case, the defendants hired a consulting company to conduct experiments for commercial

18  purposes, as well as for FDA purposes, using an allegedly infringing product. *Id.* at 1095. The

19  district court agreed with the defendants that the research conducted by the consulting company

20  fell under the safe harbor protection, and granted the defendants' motion for summary judgment.

21  In so doing, the Court held that "even if the allegedly infringing experiments were conducted, in

22  part, for commercial reasons, the experiments would produce information that would be given to

23  the FDA in order to get FDA approval." *Id.*

24       Even assuming BioMedica performed the activities alleged by BN, the Complaint fails to

25  state a claim upon which relief may be granted. BN's allegations are based entirely on actions

26  performed for uses reasonably related to the development of the TroVax® vaccine for FDA

27  approval. Participating in and sponsoring FDA-approved clinical trials for the TroVax® vaccine,

28  and publishing reports about the clinical trial findings, fall squarely within the safe harbor

5

1   provision of Section 271(e)(1).  *See Genentech*, 436 F.Supp.2d at 1095; *Classen*

2   *Immunotherapies*, 381 F.Supp.2d at 456.  Because BN only alleges acts that cannot constitute

3   patent infringement, the Court should dismiss the Complaint.

4       Moreover, as discussed above, BioMedica has not engaged in any commercial activities

5   involving the TroVax® vaccine.  (Martin Decl. ¶ 6.)  It has not made or used the TroVax®

6   vaccine, nor has it commercially sold or offered to sell the TroVax® vaccine to sanofi-aventis or

7   to any other person or entity.  (Martin Decl., ¶ 8-9.)  BN's only attenuated assertion of

8   commercial activity involving the TroVax® vaccine is a contract, allegedly between "the

9   defendants"—which apparently includes BioMedica—and sanofi-aventis.  (Compl. ¶¶ 25 & 29.)

10  However, even if the alleged contract could be characterized as having some commercial

11  purpose, that does not eliminate the protection afforded by Section 271(e)(1).  As in *Genentech*,

12  seeking and receiving funds to conduct research and development for FDA approval is not patent

13  infringement.  *Genentech*, 436 F.Supp.2d at 1095; *see also, Telectronics*, 982 F.2d at 1525

14  ("using…the derived test data for fund raising and other business purposes" was protected

15  activity and consistent with legislative intent behind Section 271(e)(1)); *Classen*

16  *Immunotherapies*, 381 F.Supp. 2d at 456 (post-approval commercial research and development

17  activities for purposes of FDA submissions were also protected under Section 271(e)(1)).

18      Because BN does not—and cannot—allege any facts supporting its claim for patent

19  infringement against BioMedica, the Court should dismiss BN's Complaint under Rule 12(b)(6).

20  **B.    BN Cannot Establish Proper Subject-Matter Jurisdiction Because the TroVax® Vaccine Has Not Been Approved by the FDA.**

21

22      A complaint must be dismissed under Rule 12(b)(1) of the Federal Rules of Civil

23  Procedure when the court lacks subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Under

24  Article III of the United States Constitution, courts may only adjudicate "actual cases or

25  controversies."  U.S. CONST. art. III, § 2, cl. 2.  To satisfy the requirements of Article III, the

26  plaintiff must sufficiently demonstrate that the dispute is "definite and concrete, touching the

27  legal relations of parties having adverse legal interests," and that the dispute is "real and

28  substantial."  *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 771 (2007).

6

1      In *Shaunnessey v. Monteris Medical, Inc.*, 554 F.Supp.2d 1321, 1326 (M.D. Fla. May 8,

2  2008), the court granted a motion to dismiss under Rule 12(b)(1) for lack of subject-matter

3  jurisdiction.  Plaintiff Shaunnessey sued defendant Monteris for alleged infringement of a patent

4  on an apparatus that moved a surgical laser to kill brain tumors.  *Id.*  Monteris was testing its

5  allegedly infringing device on mice and had exhibited its device in at least five separate

6  locations in the United States to generate investment support to further its development for

7  submission to the FDA for approval.  *Id.*  However, the district court granted the motion to

8  dismiss and concluded that there was not sufficient immediacy and reality to provide subject-

9  matter jurisdiction because any FDA approval was years away.  *Id.* at 1324-25.  In addition, the

10  court noted that no party could know whether the approved device would be the same or

11  substantially the same device that was currently being tested.  *Id.* at 1324.

12      Even assuming all the facts as pleaded by BN are true regarding BioMedica's actions, the

13  Court lacks subject-matter jurisdiction to decide this case.  Just as the allegedly infringing device

14  in *Shaunnessey* had not yet received FDA approval, BN's complaint acknowledges that the

15  TroVax® vaccine similarly has not been approved by the FDA.  (Compl. ¶¶ 25-26, 28, 30, 37.)

16  Moreover, there is no way to know for certain if, or when, the TroVax® vaccine will be

17  approved or whether the approved vaccine will have the same composition as the version being

18  tested in FDA-approved clinical trials.  Indeed, further administration of the TroVax® vaccine to

19  patients has been halted, and there are no further plans to administer the TroVax® vaccine, in the

20  TRIST trial.  (Martin Decl. ¶ 7.)  Because BN's patent-infringement allegations lack the

21  requisite immediacy to establish proper subject-matter jurisdiction, the Court should dismiss the

22  Complaint.

23      **C.**    **The Complaint Fails to Comply with the Pleading Requirements**
               **Under Rule 8(a)(2)**

24

25      Under the Federal Rules, a complaint for relief must contain "a short and plain statement

26  of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme

27  Court has recently held that a properly-pled complaint must contain "enough facts to state a

28  claim to relief that is plausible on its face."  *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1974

7

1   (2007).  This pleading requirement also applies to complaints for patent infringement.  *See*

2   *AntiCancer Inc. v. Xenogen Corp.*, 248 FRD 278 (S.D. Cal. 2007) (extending *Twombly* decision

3   to patent cases).  A pleading that groups several defendants together without delineating the

4   particular acts of patent infringement attributable to each defendant fails to satisfy the

5   requirements of Rule 8(a)(2).  *Classen Immunotherapies*, 381 F.Supp.2d at 455 (citing

6   *Appalachian Enterprises, Inc. v. Epayment Solutions Ltd.*, 2004 WL 2813121, *6

7   (S.D.N.Y.2004) (A plaintiff does not satisfy Rule 8 when the complaint "lump[s] all the

8   defendants together and fail[s] to distinguish their conduct because such allegations fail to give

9   adequate notice to the defendants as to what they did wrong.")).

10      Here, BN's Complaint improperly groups BioMedica with the two other defendants,

11   Oxford BioMedica (UK) Ltd. and Oxford BioMedica, plc, without specifying the alleged

12   infringing acts performed by BioMedica.  Instead, the Complaint refers to all three defendants

13   collectively as "defendants," and alleges the acts of infringement generally against all of them

14   together.  It is not surprising that BN fails to specify what alleged acts, if any, are particular to

15   BioMedica since BioMedica conducts no activities related to the TroVax® vaccine.  BioMedica

16   has no ownership rights to the TroVax® vaccine, nor has it participated in the development,

17   commercialization, importation, distribution, or clinical testing of the TroVax® vaccine, in

18   California or elsewhere in the United States.  (Martin Decl. ¶¶ 6-9.)  Furthermore, BioMedica is

19   not a party to any contracts relating to the TroVax® vaccine.  (Martin Decl. ¶ 10.)  Thus, even if

20   the Court does not dismiss the Complaint entirely under Rule 12(b)(6), the Court should dismiss

21   BN's Complaint for failure to satisfy the pleading requirements of Rule 8.

22   /////

23   /////

24   /////

25   /////

26   /////

27   /////

28   /////

8

IV.     CONCLUSION.

Even if all the allegations in BN's Complaint are assumed to be true, BN cannot state any claim for relief because the alleged acts of infringement fall squarely within the safe harbor protection of Section 271(e)(1).  Moreover, the Court does not have proper subject-matter jurisdiction because the TroVax® vaccine forming the basis for BN's Complaint has not been approved by the FDA.  Accordingly, BioMedica respectfully requests that the Court dismiss BN's Complaint.

Dated:  August 18, 2008                    Respectfully submitted

                                           DLA PIPER US LLP


                                           By:   s/ *Richard T. Mulloy*
                                                 Richard T. Mulloy
                                                 Attorneys For Defendants,
                                                 OXFORD BIOMEDICA PLC,
                                                 BIOMEDICA, INC., AND
                                                 OXFORD BIOMEDICA (UK) LTD.


                                           OF COUNSEL:

                                                 Edgar H. Haug (*PRO HAC VICE*)
                                                 EHAUG@FLHLAW.COM
                                                 Thomas J. Kowalski (*PRO HAC VICE*)
                                                 TKOWALSKI@FLHLAW.COM
                                                 Vicki Franks (*PRO HAC VICE*)
                                                 VFRANKS@FLHLAW.COM
                                                 Gina M. Bassi (*PRO HAC VICE*)
                                                 GBASSI@FLHLAW.*COM*
                                                 Anne-Marie C. Yvon (*PRO HAC VICE*)
                                                 AYVON@FLHLAW.com
                                                 FROMMER LAWRENCE & HAUG LLP
                                                 745 Fifth Avenue, New York, New York 10151
                                                 Telephone:  (212) 588-0800
                                                 Facsimile:  (212) 588-0500

                                                 Attorneys for Defendants,
                                                 OXFORD BIOMEDICA PLC,
                                                 BIOMEDICA, INC., and
                                                 OXFORD BIOMEDICA (UK) LTD.

9

1  | DLA PIPER US LLP
   | RICHARD T. MULLOY
2  | richard.mulloy@dlapiper.com
   | 401 B Street, Suite 1700
3  | San Diego, California 92101
   | Telephone: (619) 699-4787
4  | Facsimile: (619) 699-2701

5  | FROMMER LAWRENCE & HAUG LLP
   | EDGAR H. HAUG (*Pro Hac Vice*)
6  | ehaug@flhlaw.com
   | THOMAS J. KOWALSKI (*Pro Hac Vice*)
7  | tkowalski@flhlaw.com
   | VICKI FRANKS (*Pro Hac Vice*)
8  | vfranks@flhlaw.com
   | GINA M. BASSI (*Pro Hac Vice*)
9  | gbassi@flhlaw.com
   | ANNE-MARIE C. YVON (*Pro Hac Vice*)
10 | ayvon@flhlaw.com
   | 745 Fifth Avenue, New York, New York 10151
11 | Telephone: (212) 588-0800
   | Facsimile: (212) 588-0500
12 |
   | Attorneys for Defendants,
13 | OXFORD BIOMEDICA PLC,
   | BIOMEDICA, INC., and
14 | OXFORD BIOMEDICA (UK) LTD.

15 |

16 | **UNITED STATES DISTRICT COURT**
   | **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 17  BAVARIAN NORDIC A/S., | CASE NO. 08cv1156 |
| 18  Plaintiff, | **DECLARATION OF JILL D. MARTIN IN SUPPORT OF BIOMEDICA INC.'S MOTION TO DISMISS** |
| 19  vs. | |
| 20  OXFORD BIOMEDICA PLC, | Complaint Filed: June 30, 2008 |
| 21  BIOMEDICA, INC., and OXFORD BIOMEDICA (UK) LTD., | |
| 22  Defendants. | |
| 23 | |

24

25      .

26

27

28

1    Under 28 U.S.C. § 1746, I, Jill D. Martin, declare as follows:

2        1.        I am a patent agent, admitted and in good standing to practice before the United

3    States Patent and Trademark Office ("USPTO"). My title at BioMedica, Inc. ("BioMedica") is

4    Vice President, Intellectual Property – US, and I am empowered to speak on behalf of

5    BioMedica as set forth herein. I am familiar with the Complaint in the above-captioned lawsuit.

6    This Declaration is made in support of BioMedica's Motion to Dismiss the Complaint.

7        2.        BioMedica is a Delaware Corporation having an address of 11622 El Camino

8    Real, Suite 100, San Diego, CA 92130 USA. BioMedica's entire operations in the United

9    States are located at that address. BioMedica's facilities are in shared office space, and the

10   entire US operations are conducted by only two (2) persons: myself, and an Intellectual Property

11   Portfolio Manager. As discussed below in more detail, BioMedica has not done any of the

12   actions alleged in the Complaint.

13       3.        BioMedica is a wholly-owned subsidiary of Oxford BioMedica plc ("OXB").

14   While BioMedica is a wholly-owned subsidiary of OXB, BioMedica is a distinct entity.

15       4.        I understand that OXB is a public limited company incorporated in England and

16   Wales and headquartered in Oxford, United Kingdom. I understand that Oxford BioMedica

17   (UK) Limited ("OBM UK") is a private limited company incorporated in England and Wales. I

18   understand that OBM UK is a wholly-owned subsidiary of OXB. I understand that OXB and

19   OBM UK have their principal places of business at: The Medawar Centre, Robert Robinson

20   Avenue, The Oxford Science Park, OXFORD, OX4 4GA, UNITED KINGDOM.

21       5.        BioMedica manages the US patent portfolio of OBM UK, providing primarily

22   patent prosecution services. In particular, the predominant activities that BioMedica performs

23   on behalf of OBM UK include preparing and filing patent applications and acting before the

24   USPTO in obtaining patents. Patent prosecution services may also include acting before the

25   USPTO in proceedings related to patent applications or issued patents, for example,

26   reexamination or interference proceedings. BioMedica does not have the ability to legally bind

27   OXB or any other subsidiary of OXB, except as to patent prosecution matters before the USPTO

28   on behalf of OBM UK.

1       6.      BioMedica has no products—it performs services. As such, the TroVax®

2 vaccine, the product alleged in the Complaint to infringe the plaintiff's patents, is not a product

3 of BioMedica. BioMedica has not developed or commercialized the TroVax® vaccine nor has

4 BioMedica published any reports regarding the TroVax® vaccine.

5       7.      BioMedica has not sponsored any clinical studies of the TroVax® vaccine in the

6 Southern District of California, or elsewhere in the United States, including those studies listed

7 in paragraph 30 of the Complaint. I understand that administration of the TroVax® vaccine in

8 the Phase III clinical trial known as "TroVax Renal Immunotherapy Survival Trial" (Study No.

9 NCT 00397345) or "TRIST" has been suspended. I understand that there are no plans to again

10 administer the TroVax® vaccine in the TRIST clinical trial. I have attached, as Exhibit A,

11 OXB's publicly available July 11, 2008 Press Release, entitled "Oxford BioMedica Announces

12 Data Safety Monitoring Board Recommendation For TroVax® Phase III Trist Study."

13       8.      BioMedica has not made, used, imported, possessed, or distributed the TroVax®

14 vaccine to anyone, for any purpose, nor has it caused others to do so. Specifically, BioMedica

15 has not directly or indirectly provided the TroVax® vaccine to physicians at any study location in

16 California, or elsewhere in the United States. BioMedica has not directly or indirectly caused

17 patients to receive the TroVax® vaccine in the Southern District of California, or in any other

18 United States jurisdiction. In fact, BioMedica has no notice, knowledge, or information of any

19 patients in California ever receiving the TroVax® vaccine.

20       9.      BioMedica has never supplied anyone in the Southern District of California, or

21 anywhere else in the United States, with instructions for using the TroVax® vaccine.

22      10.     BioMedica is not a party to any agreement with sanofi-aventis. Moreover,

23 BioMedica has received no payments related to the TroVax® vaccine.

24      11.     I hereby declare under penalty of perjury that the foregoing is true and correct to

25 the best of my knowledge, information, and belief.

26

27 Dated: August 12, 2008

_Jill D. Martin_

28

# EXHIBIT A



About Us   Clinical Trials   Products   Technology   Collaborations   Investors   News   Contact Us   

**News** 11 July 2008

2008/OB/21

# OXFORD BIOMEDICA ANNOUNCES DATA SAFETY MONITORING BOARD RECOMMENDATION FOR TROVAX® PHASE III TRIST STUDY



**Oxford, UK - 11 July 2008:** Oxford BioMedica (LSE: OXB), a leading gene therapy company, announced today that the independent Data Safety Monitoring Board (DSMB) for the Phase III TRIST study of TroVax in renal cancer has recommended that the trial should continue but that further vaccinations be discontinued. TroVax is Oxford BioMedica's novel therapeutic cancer vaccine, which is being developed in collaboration with sanofi-aventis.

Following its fourth interim review of the TRIST study, the DSMB advised that TroVax administered according to the protocol will not meet the predefined primary efficacy endpoint, but there is important scientific merit and more to be learned by additional follow up of all patients. Hence, the DSMB's recommendation is to continue the study but discontinue further vaccinations. Oxford BioMedica has implemented the DSMB's recommendation. In addition, the Company intends to amend the statistical plan of the study to determine whether patient outcome is dependent on the number of TroVax doses administered.

Oxford BioMedica and, its partner, sanofi-aventis, will evaluate the available data and the implications on the development plan for TroVax, including the planned Phase III trials in colorectal cancer. The companies will discuss the proposed TRIST protocol amendments with the regulatory authorities. With these amendments, a focus of the ongoing TRIST study will be to explore the number of doses that provide optimal benefit. In particular, it may be that the optimal benefit-to-risk ratio is delivered without the requirement for as many vaccinations as specified in the original TRIST study protocol. It is unlikely that the TRIST study alone will support registration of TroVax in renal cancer, although the trial may ultimately demonstrate a survival advantage for TroVax, and the results may form part of a regulatory submission alongside an additional confirmatory trial.

The role of the DSMB is to monitor, periodically, the data emerging from the study to determine whether there are issues arising that would warrant modification of the protocol or early termination of the study. The DSMB is independent of Oxford BioMedica and sanofi-aventis.

The TRIST (TroVax Renal Immunotherapy Survival Trial) study is a randomised and placebo-controlled Phase III trial, designed to evaluate TroVax in combination with standard of care in locally advanced or metastatic clear cell renal carcinoma. The trial was initiated in November 2006 and completed recruitment of 733 patients in March 2008 in more than 100 sites in the USA, European Union and Eastern Europe. The original trial protocol, which was the subject of a Special Protocol Assessment by the US Food and Drug Administration (FDA), allowed for patients to receive up to 13 immunisations over 73 weeks.

Dr Mike McDonald, Chief Executive of Oxford BioMedica, said: *"This news is clearly disappointing. However, there is good reason to continue the study and potentially a late survival benefit for TroVax may still be demonstrated. The proposed trial amendment will assess whether the maximum benefit-to-risk ratio is dependent on an optimal number of doses.*

2008
**Archive**
2007
2006
2005
2004
2003
2002
2001
2000
1999
1998
1997

Email **Alerts**
Enter your email address to be kept informed of news updates

Subscribe

Unsubscribe
Enter your email address to be removed from our mailing list

Unsubscribe



*We remain optimistic that TroVax may show benefit in this population after these protocol amendments. With our partner, sanofi-aventis, we will provide an update on the TRIST study and the development plan for TroVax in due course."*

Dr McDonald added: *"In addition to TroVax, we have a broad pipeline of innovative drug candidates and we will continue to focus our resources on deriving maximum value for both patients and shareholders, while maintaining the Company's financial strength. In particular, we look forward to reporting initial results from the Phase I/II trial of ProSavin in Parkinson's disease in September. In addition, we are working diligently towards the start of clinical trials of RetinoStat in neovascular age-related macular degeneration."*

- ends -

**Conference Call and Audio Web Cast on Friday, 11 July at 10.00am BST**

Oxford BioMedica's management will host a conference call for analysts at 10.00am BST on Friday, 11 July 2008, to discuss the DSMB's recommendation for the TroVax Phase III TRIST study. The dial-in details for analysts are available from Buchanan Communications (+44 (0) 20 7466 5000). A live audio web cast of the conference call will be available through the website homepage. This will also be available for replay shortly after the conference call.

Return to the News

---

**Notes**

1.  **Oxford BioMedica plc**
    Oxford BioMedica (LSE: OXB) is a biopharmaceutical company specialising in cancer immunotherapy and gene-based therapies. The Company was established in 1995, as a spin-out from Oxford University, and is listed on the London Stock Exchange.

    The Company has a platform of gene delivery technologies, which are based on highly engineered viral systems. Oxford BioMedica also has in-house clinical, regulatory and manufacturing know-how. TroVax® is the Company's therapeutic vaccine, which is in clinical development for multiple solid cancers. The product is licensed to sanofi-aventis for global development and commercialisation. Oxford BioMedica has three other products in clinical development, including ProSavin®, a novel gene-based treatment for Parkinson's disease, in a Phase I/II trial. The Company is underpinned by over 80 patent families, which represent one of the broadest patent estates in the field. The Company has a staff of approximately 85. Oxford BioMedica has collaborations with sanofi-aventis, Wyeth, Sigma-Aldrich, MolMed and Virxsys. Technology licensees include Biogen Idec, Merck & Co, GlaxoSmithKline and Pfizer.

    Further information is available at www.oxfordbiomedica.co.uk

2.  **TroVax®**
    TroVax is Oxford BioMedica's novel therapeutic cancer vaccine, which is being developed in collaboration with sanofi-aventis. It is designed specifically to stimulate an anti-cancer immune response and has potential application in most solid tumour types. TroVax targets the tumour antigen 5T4, which is broadly distributed throughout a wide range of solid tumours. The presence of 5T4 is correlated with poor prognosis. The product consists of a Modified Vaccinia Ankara vector, which delivers the gene for 5T4 and stimulates a patient's body to produce an anti-5T4 immune response. This immune response destroys tumour cells carrying the 5T4 antigen.

**For further information please contact:**

| | |
|---|---|
| **Oxford BioMedica plc** | Tel: +44 (0)1865 783 000 |
| Mike McDonald, Chief Executive Officer | |
| Nick Woolf, Chief Business Officer | |
| **JPMorgan Cazenove Limited** | Tel: +44 (0)20 7588 2828 |
| James Mitford/Gina Gibson | |
| **City/Financial Enquiries** | Tel: +44 (0)20 7466 5000 |
| Lisa Baderoon/Mark Court/Mary-Jane Johnson | |
| Buchanan Communications | |

**Scientific/Trade Press Enquiries**          Tel: +44 (0)20 7457 2020
Holly Griffiths/Katja Stout/Claire Mosley
College Hill

**US Enquiries**          Tel: +1 646 378 2900
Thomas Fechtner
The Trout Group LLC

Top of page

Website by College Hill - Life Sciences

1  RICHARD T. MULLOY (Bar No. 199278)
   DLA PIPER US LLP
2  401 B Street, Suite 1700
   San Diego, CA  92101-3697
3  Tel:  619.699.4787
   Fax:  619.699.2701
4  E-mail: richard.mulloy@dlapiper.com

5  EDGAR H. HAUG
   THOMAS J. KOWALSKI
6  VICKI FRANKS
   ANNE-MARIE C. YVON
7  GINA M. BASSI
   FROMMER LAWRENCE & HAUG LLP
8  745 Fifth Avenue
   New York, NY 10151
9  Tel: (212) 588-0800
   Fax: (212) 588-0500
10
   Attorneys for Defendants
11 OXFORD BIOMEDICA PLC,
   BIOMEDICA, INC., AND
12 OXFORD BIOMEDICA (UK) LTD.

13

14                UNITED STATES DISTRICT COURT

15              SOUTHERN DISTRICT OF CALIFORNIA

16 BAVARIAN NORDIC A/S,                CV NO.  08 CV 1156 L (RBB)

17            Plaintiff,               **PROOF OF SERVICE**

18       v.                           Judge:  Hon. M. James Lorenz
                                       Magistrate Judge:  Hon. Ruben B. Brooks
19 OXFORD BIOMEDICA PLC, an English
   public limited company; BIOMEDICA,  Complaint:  June 30, 2008
20 INC., a Delaware corporation; and
   OXFORD BIOMEDICA (UK) LTD., an
21 English private limited company,

22            Defendants.

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2

***BAVARIAN NORDIC A/S v. OXFORD BIOMEDICA, PLD, et al.***

3

**Case No. 08 CV 1156 L (RBB)**

4

5    I am a resident of the State of California, over the age of eighteen years, and not a party to

6    the within action.  My business address is DLA Piper US LLP, 401 B Street, Suite 1700,

7    San Diego, CA 92101-42907.  I hereby certify that on August 18, 2008, I caused the following

8    document(s) to be electronically filed with the Clerk of the Court and served on all parties to this

9    action using the CM/ECF system:

10
11
- **BIOMEDICA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, LACK OF SUBJECT-MATTER JURISDICTION, AND INSUFFICIENT PLEADING**

12
13
14
- **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BIOMEDICA, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, LACK OF SUBJECT-MATTER JURISDICTION, AND INSUFFICIENT PLEADING**

15
- **DECLARATION OF JILL D. MARTIN IN SUPPORT OF BIOMEDICA INC.'S MOTION TO DISMISS**

16

17
18
19
20
21

| | |
|---|---|
| **Michael L Kirby** | ☒ Via CM/ECF |
| Kirby Noonan Lance and Hoge LLP | ☐ Via Email (PDF) |
| Diamond View Towers | ☐ Via First Class Mail |
| 350 Tenth Avenue | ☐ Via Overnight Mail |
| Suite 1300 | ☐ Via Hand Delivery |
| San Diego, CA 92101 | ☐ Overnight Mail |
| (619)231-8666 | ☐ Via Facsimile |
| Fax: (619)231-9593 | |
| Email: mkirby@knlh.com | |

22
23
24
25
26
27

| | |
|---|---|
| **Christopher M. Morrison** | ☒ Via CM/ECF |
| **David C. Kravitz** | ☐ Via Email (PDF) |
| **Theodore J. Folkman** | ☐ Via First Class Mail |
| Hanify & King PC | ☐ Via Overnight Mail |
| One Beacon Street | ☐ Via Hand Delivery |
| Boston, MA 02108 | ☐ Overnight Mail |
| (617)423-0400 | ☐ Via Facsimile |
| Fax: (617)423-0498 | |
| Email: cmm@hanify.com | |
| Email: dck@hanify.com | |
| Email: tjf@hanify.com | |

28

DLA PIPER US LLP
SAN DIEGO

1    I declare that I am employed in the office of a member of the Bar of or permitted to practice

2    before this Court at whose direction the service was made.

3         Executed on August 18, 2008, at San Diego, California.

4

5         Virginia R. Gomez

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28