UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAVARIAN NORDIC A/S,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>OXFORD BIOMEDICA PLC, an English public limited company; BIOMEDICA, INC., a Delaware corporation; OXFORD BIOMEDICA(UK) LTD., an English private limited company,<br><br>　　　　　Defendants. | Civil No. 08cv1156 L(RBB)<br><br>**ORDER DENYING PLAINTIFF BAVARIAN NORDIC A/S'S *EX PARTE* MOTION FOR LEAVE TO CONDUCT DISCOVERY RELATED TO DEFENDANTS' MOTIONS TO DISMISS [doc. # 25]** |

　　　　Defendant BioMedica, Inc. filed a Motion to Dismiss for Failure to State a Claim, Lack of Subject-Matter Jurisdiction, and Insufficient Pleading [doc. no. 19], which is set for hearing on November 3, 2008, at 10:30 a.m. Defendants Oxford BioMedica PLC and Oxford BioMedica (UK) Ltd. filed a Motion to Dismiss for Failure to State a Claim and Lack of Subject-Matter Jurisdiction [doc. no. 20], set for the same date and time. In its Motion to Dismiss, Defendant BioMedica, Inc. alleges that Plaintiff Bavarian Nordic A/S cannot state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure because "Plaintiff only alleges acts that cannot constitute patent infringement . . . ." (BioMedica Mot. to Dismiss 6.) BioMedica cites the Declaration of Jill D. Martin as support for an argument that it "has not engaged in any commercial activities involving the TroVax vaccine." (Id.) The citation, however, is not germane to an attack on the sufficiency of the Complaint. The Defendant

also argues that the Court lacks subject-matter jurisdiction because the "[C]omplaint acknowledges that the TroVax vaccine similarly has not been approved by the FDA." (Id. at 7.) Finally, Defendant argues that the Plaintiff failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. (Id.)

Defendants Oxford BioMedica PLC and Oxford BioMedica (UK) ("Oxford") Ltd. filed a joint motion to dismiss, and they also argue the Complaint cannot survive scrutiny under Rule 12(b)(6). Plaintiff Bavarian Nordic A/S "only alleges acts that cannot constitute patent infringement . . . ." (Oxford Defs. Mot. to Dismiss 5.) These Defendants cite the Declaration of Peter J. Nolan to support their argument that Plaintiff's allegations relate to uses "reasonably related to the development of the TroVax vaccine for FDA approval[]" and that the Defendants have not engaged in a commercial sale or offer to sell the vaccine. (Id.) Again, the Declaration is irrelevant to an attack on the sufficiency of the Complaint. Defendants also argue that the Court lacks subject-matter jurisdiction because the vaccine has not been approved by the FDA. (Id. at 6.)

In response to these Motions, Bavarian Nordic filed an Ex Parte Motion for Leave to Conduct Discovery Related to Defendants' Motion to Dismiss [doc. no. 24]." Defendants filed a Memorandum of Points and Authorities in Support of Defendants' Opposition [doc. no. 27]. Plaintiff seeks to serve a request for the production of documents and to depose Martin and Nolan.

In their Opposition, Defendants state "[t]he Court can decide that legal issue in a Rule 12 motion without any discovery." (Opp'n to Pl's Ex Parte 1.) They correctly point out that a Rule 12(b)(6) motion addresses the sufficiency of the Complaint. (Id.) Defendants assert that their motions "explicitly assume that all of the facts alleged in the Complaint are true." (Id. at 4.) The Defendants' argument that the Complaint fails to state a claim under Rule 12(b)(6) will be reviewed in light of "the facts alleged, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which of the judge may take judicial notice." 2 James Wm. Moore, Moore's Federal Practice § 12.34[2], at 12-87 (3d ed. 2008).

Based on Defendants' representations, the Court will assume that the challenge to subject-matter jurisdiction under Rule 12(b)(1), likewise, is limited to a facial attack on the sufficiency of the Complaint, accepting all its allegations as true. The Court does not intend to convert the Motions to Dismiss into summary judgment motions or factual attacks on the sufficiency of the Complaint. If the Motions to Dismiss are denied, Defendants are not precluded from later filing a summary judgment motion or other motion relying on evidence outside the Complaint.

**IT IS SO ORDERED.**

DATED: September 15, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL